UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN DANIEL ASHFORD, #255100,**

    **Plaintiff,**

                        Civil No: 06-11002
                        Honorable John Corbett O'Meara
                        Magistrate Judge Paul J. Komives

**v.**

**DAVID S. GRANT, JR.,**

    **Defendant.**

___

**OPINION & ORDER SUMMARILY DISMISSING
PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

**I. Introduction**

Plaintiff, John Daniel Ashford, presently confined at Baraga Maximum Correctional Facility in Baraga, Michigan, has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. §1983.[1] Plaintiff was convicted of a felony firearm violation and 3 counts of armed robbery. Plaintiff was sentenced in February 1997 to 15-30 years imprisonment for the armed robbery offenses and 2 years running consecutively for the felony firearm violation. Plaintiff asserts that Defendant, his attorney, violated his Sixth Amendment and Eighth Amendment rights by maliciously filing a motion for relief from judgment after Defendant had been fired and without Plaintiff's permission. As a result of these alleged violations, Plaintiff maintains that he has suffered "emotional injuries." The Court finds that Plaintiff's Complaint is summarily dismissed without prejudice.

---

[1]Plaintiff's cause of action arose while housed at the Saginaw Correctional Facility in Freeland, Michigan in Saginaw County, which is within this Court's jurisdiction.

## II. Statement of Facts

The facts giving rise to Plaintiff's convictions are not set forth in the papers filed with the Court. Rather Plaintiff asserts that while incarcerated at the Saginaw Correctional Facility, he retained, with the assistance of his mother, the services of the Defendant to represent him for the purpose of filing a motion for relief from judgment in September 2000. Plaintiff maintains that Defendant never came to visit him, never corresponded with him aside from the initial agreement to take the case, and never filed the motion for relief from judgment. Plaintiff filed a grievance against the Defendant in April 2003, which resulted in the Defendant being issued an admonishment by the Attorney Grievance Commission in June 2004.

Plaintiff contends that after he filed the grievance, Defendant filed the motion for relief from judgment and a hearing was held on February 2, 2004. The motion was denied. Plaintiff claims that the Defendant filed the motion for relief from judgment after he had already been fired and without Plaintiff's permission. Plaintiff further claims that Defendant filed the motion for relief from judgment maliciously and in retaliation for filing the grievance. As a result, Plaintiff asserts that the motion and oral argument were not presented in the best interest of the Plaintiff and done in violation of his Sixth Amendment and Eighth Amendment rights.

Plaintiff has now filed this civil rights complaint; and the Court finds that is it dismissed for failing to state a claim.

## III. Discussion

### A. Failure to State a Claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of

the complaint. *Jones v. City of Carlisle,* 3 F.3d 945, 947 (6th Cir.1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996). Because §1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under §1983 is to identify the specific constitutional right allegedly infringed and whether the defendant is a "person" acting under the color of state law. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff cannot show that his retained attorney acted under color of state law.  *In Polk County v. Dodson,* 454 U.S. 312, 318 n. 7 and 321 (1981), the Supreme Court held that defense counsel performs a private, not an official, function:

> In our system, a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client." This is essentially a private function, traditionally filled by retained counsel, for which State office and authority are not needed.

454 U.S. at 318-19.  The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender. The Court said that, once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program.  *Id.*  The *Polk County* Court held that, even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused. *Id.*  Rather, defense counsel, whether privately retained or paid by the state, acts purely on behalf of the client and free from state control. *Id.*  The Sixth Circuit has

adhered to the holding in *Polk* County in numerous unpublished decisions. See, e.g., *Carswell v. Hughes*, No. 99-1795, 2000 WL 658043, at *1 (6th Cir. May 9, 2000); *Blake v.. Kane*, No. 98-4386, 2000 WL 302980, at *1 (6th Cir. Mar. 14, 2000); *Rodgers v. Stacey*, No. 99-3408, 2000 WL 190100, at *1 (6th Cir. Feb. 7, 2000); *Watson v. Carreer*, No. 99-5319, 1999 WL1282433, at *1 (6th Cir. Dec. 27, 1999); *Pagani-Gallego v. Escobedo,* No. 97-1640, 1998 WL 381562, at *1 (6th Cir. June 23, 1998). Because Plaintiff's attorney does not act under color of state law, no claim under § 1983 can be maintained against him.

To the extent that Plaintiff asserts a claim of legal malpractice, such a claim arises solely under state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir.1995); *Sweeton v.. Brown*, 27 F.3d 1162, 1166 (6th Cir.1994). The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. See *Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir.1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-*2 (6th Cir. June 18, 1998). Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

## IV.  Conclusion

Plaintiff failed to state a claim upon which relief could be granted by failing to allege a constitutional claim and by failing to sue a "person" acting under the color of state law.

Accordingly,

IT IS ORDERED that Plaintiff's Complaint **[Docket No: 1-1, filed March 8, 2006]** is summarily **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that the Plaintiff's application to proceed in forma pauperis **[Docket No: 1-2, filed March 8, 2006]** is **DENIED** as moot.

        s/John Corbett O'Meara
        John Corbett O'Meara
        United States District Judge

Dated:  April 25, 2006